IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID TRILLO,                          §
TDCJ No. 2367314,                      §
                                       §
                Plaintiff,             §
                                       §
V.                                     §         No. 3:22-cv-1609-M-BN
                                       §
CITY OF DESOTO, CITY OF DESOTO         §
POLICE DEPARTMENTS, ET AL.,            §
                                       §
                Defendant.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff David Trillo, a Texas prisoner, brings this *pro se* lawsuit against the City of DeSoto, its police department, and several unidentified officers, alleging that the City discriminated against him for being a known felon, depriving him of due process and equal protection, that the defendants failed to protect him, and that he was falsely arrested. *See* Dkt. No. 3.

United States District Judge Barbara M. G. Lynn referred Trillo's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Where a plaintiff who is imprisoned or detained pending trial seeks relief from a governmental entity or employee, a district court must, on initial screening under the Prison Litigation Reform Act (the PLRA), identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a

defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Under this obligation, the Court provided Trillo notice of specific pleading deficiencies and offered him multiple opportunities to amend his claims.

Because he has failed to do so, and because the complaint as filed fails to state a claim upon which relief may be granted, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for the reasons and to the extent set out below.

## Applicable Background

After Trillo filed his complaint, the Court entered a notice of deficiency providing in applicable part:

> The Court enters this order to set out deficiencies in Trillo's complaint as filed that prevent this case from proceeding; to allow leave to cure the deficiencies; and to warn Trillo, that, if the deficiencies in the complaint are not timely cured, the undersigned will recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) and/or Federal Rule of Civil Procedure 41(b).
>
> Because the complaint lacks facts to allege a plausible claim as to each allegation made – for example, no facts at all are alleged as to the claimed false arrests –the Court requires Trillo to file an amended complaint by **September 6, 2022**. And the factual allegations to be included in this amended complaint must comply with the pleading standards set out below:
>
> Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
>
> A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*
>
> And, to survive dismissal, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends

entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

Put differently, a plaintiff, through his or her complaint, must provide the Court enough factual content to demonstrate an entitlement to relief. *Compare Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *with Robbins*, 519 F.3d at 1247 ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

More specifically, insofar as Trillo alleges claims against the City of DeSoto Police Department, a plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").

Police departments of Texas municipalities named a defendants are commonly dismissed as non-jural entities. *See, e.g.*, *Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity" (citing *Darby*, 939 F.2d at 313)).

But, where a plaintiff names a non-jural entity as a defendant, the Court should allow the plaintiff leave to amend his complaint to cure this deficiency. *See Johnson v. Dall. Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993))).

And, to the extent that Trillo sues the City of DeSoto, "[a] person may sue a municipality that violates his or her constitutional rights

'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). At the pleading stage, a plaintiff alleging such a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483 (rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation).

So, even should Trillo allege a plausible constitutional violation, to allege liability as against the City, he must also

> identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482.

Dkt. No. 6.

After the Court denied Trillo's initial motion to appoint counsel, *see* Dkt. Nos. 7, 8, he "moved for an unspecified extension of time and, to facilitate his compliance with the Court's order, requested discovery, apparently related to his municipal liability claim" [Dkt. No. 9]. Dkt. No. 14. The Court then entered an order explaining that,

> [b]ecause the Court is still screening Trillo's claims under the [PLRA], 28 U.S.C. § 1915A, he is not entitled to discovery at this time, *see, e.g.*, *Armando v. Stephens*, No. 1:15-cv-93-BL, 2016 WL 9449786, at *1 (N.D. Tex. June 6, 2016) ("There is no reason for the parties to engage in discovery until the Court has reviewed the pleadings and attachments under the PLRA screening provisions." (citing *Petrus v. Brown*, 833 F.2d 581, 583 (5th Cir. 1987) (observing that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"))).

While Trillo is not entitled to discovery, the Court will GRANT his motion [Dkt. No. 9] to the extent that his deadline to file an amended complaint is EXTENDED to **October 3, 2022**.

Trillo also moves, under 28 U.S.C. § 636(c)(4), to "appoint" Chief Judge Lynn and "vacate" the undersigned. Dkt. No. 10.

This request appears to misunderstand Section 636. This lawsuit is before Chief Judge Lynn. She is the presiding judge. The undersigned magistrate judge is not, as Trillo has not consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

Instead, Chief Judge Lynn has only referred this lawsuit to the undersigned for pretrial management under 28 U.S.C. § 636(b). *See McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) ("[U]nder [28 U.S.C.] § 636(b)(1)(B), the court may authorize [a magistrate judge] "to conduct hearings and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of motions excepted under [28 U.S.C.] § 636(b)(1)(A). After such a recommendation, the parties may submit written objections within fourteen days after receiving a copy of the recommendation and may have their objections reviewed de novo by the district court. (citing 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); cleaned up)); *cf. Flentroy v. Lamb*, 467 F. App'x 291, 292 (5th Cir. 2012) (per curiam) ("Flentroy argues that the district court's acceptance of a magistrate judge's recommendation was erroneous because he notified the court that he did not consent to proceed before the MJ. This contention is frivolous as the proceedings before the magistrate judge were conducted pursuant to 28 U.S.C. § 636(b), which does not require consent of the parties.").

The Court therefore finds Trillo's motion [Dkt. No. 10] to be MOOT.

And Trillo moves the Court to reconsider its August 11, 2022 order denying his motion to appoint counsel. *See* Dkt. Nos. 7, 8, 12. Because Trillo does not show that exceptional circumstances require the appointment of counsel under 28 U.S.C. § 1915(e)(1), his motion for reconsideration [Dkt. No. 12] is DENIED.

Dkt. No. 14.

Trillo next moved the Court to stay his deadline to file an amended complaint, arguing that this requirement "is immature, until the screening process is completed." Dkt. No. 15. The Court denied that request, explaining:

Construing Trillo to argue that requiring him to file an amended complaint is premature because the Court is screening his claims under the PLRA, the Court DENIES the motion to stay. The Court ordered

Trillo to file an amended complaint as part of the screening process because his allegations are factually deficient. *See* Dkt. No. 6. And the Court will again EXTEND his deadline to do so, to **October 28, 2022**, and WARNS Trillo that, if he does not file an amended complaint by that date, the Court will screen the allegations as made in the original complaint.

Dkt. No. 16.

Before the October 28 deadline, the Court denied Trillo's third request for

court-appointed counsel:

> To accomplish its screening obligation under the [PLRA], the Court ordered Trillo to file an amended complaint because his allegations are factually deficient. *See* Dkt. No. 6; 28 U.S.C. §§ 1915(e)(2)(B), 1915A. And the Court has twice extended the deadline to do so: to October 3, 2022, *see* Dkt. No. 14, then to October 28, 2022, *see* Dkt. No. 16 (warning "Trillo that, if he does not file an amended complaint by that date, the Court will screen the allegations as made in the original complaint").
>
> The Court also denied Trillo's motion to appoint counsel, after finding that he had not shown that exceptional circumstances require the appointment of counsel under 28 U.S.C. § 1915(e)(1). *See* Dkt. Nos. 7, 8. The Court then denied Trillo's request to reconsider that decision, again finding that he had failed to show exceptional circumstances, as required by Section 1915(e)(1). *See* Dkt. Nos. 12, 14.
>
> Trillo now asserts that, because "the PLRA screening process is completed," the Court should appoint him counsel so that he can obtain discovery and file an amended complaint. Dkt. No. 17.
>
> As the Court has explained more than once, the Court ordered Trillo to file an amended complaint as part of the screening process because his allegations are factually deficient. *See* Dkt. Nos. 6, 16. So, contrary to his assertion, the PLRA screening process is not completed.
>
> And he is not entitled to discovery at this time. *See Armando v. Stephens*, No. 1:15-cv-93-BL, 2016 WL 9449786, at *1 (N.D. Tex. June 6, 2016) ("There is no reason for the parties to engage in discovery until the Court has reviewed the pleadings and attachments under the PLRA screening provisions." (citing *Petrus v. Brown*, 833 F.2d 581, 583 (5th Cir. 1987) (observing that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"))).
>
> For these reasons – and for the reasons previously set out, *see* Dkt. Nos. 8, 14 – Trillo again fails to show that exceptional circumstances require the Court to appoint him counsel under Section

1915(e)(1).

Dkt. No. 18.

After the October 28 deadline – and without filing an amended complaint as

ordered – Trillo again moved for court-appointed counsel, and the Court explained:

> For the reasons set out in the orders denying Trillo's previous motions to appoint counsel, *see* Dkt. Nos. 8, 14, 18, and for the reasons explained below, Trillo again fails to show that exceptional circumstances require the Court to appoint him counsel under 28 U.S.C. § 1915(e)(1). And his current motion is DENIED.
>
> Trillo was to have filed an amended complaint by October 28, 2022. *See* Dkt. Nos. 6, 14, 16. He has not. And he now claims that he needs court-appointed counsel to identify the police officers so that he can file an amended complaint. *See* Dkt. No. 19.
>
> A district court may authorize discovery to identify Doe defendants. *See Cowart v. Dall. Cnty. Jail*, 439 F. App'x 332, 332-33 (5th Cir. 2011) (per curiam) (observing that a *pro se* plaintiff may be entitled to court-sanctioned discovery to identify John Doe defendants if his "failure to identify the John Doe defendants [does not appear to be due to] contumaciousness or an attempt to delay the proceedings" and "'[i]t is conceivable that' readily available documentation would reveal the identities of some of the John Doe defendants" (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992); citation omitted)); *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) ("Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." (citing *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993))).
>
> But Trillo does not need court-appointed counsel to obtain this discovery. More importantly, the Court need not know the names of the officers to find that Trillo has alleged plausible civil rights claims.

Dkt. No. 20.

Since then, Trillo has not filed an amended complaint but has again moved for

discovery, *see* Dkt. No. 21, and, most recently, filed a Motion to Amend

Complaint/Request for Production of Documents [Dkt. No. 24], which does not offer

substantive amendments to his claims but does take issue with the orders set out

above.

## Discussion

After the Court provided Trillo the standards applicable to alleging a claim of municipal liability, he failed to allege a plausible claim against the City of DeSoto itself by alleging "'specific facts'" to "show that an official policy promulgated by a municipal policymaker was the moving force behind the violation of a constitutional right." *Henderson v. Harris Cnty., Tex.*, 51 F.4th 125, 130 (5th Cir. 2022) (per curiam) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018); citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)). In fact, Trillo alleges no facts to show that the City could be liable under these pleading standards. And Trillo does not refute that the City's police department is an agency with jural authority.

Next, insofar as Trillo alleges an equal protection claim based on his status as "a known felon," Dkt. No. 3 at 4, "[t]he Equal Protection Clause directs that persons similarly situated should be treated alike," *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

> To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) "a state actor intentionally discriminated against [him] because of membership in a protected class[,]" *Williams*, 180 F.3d at 705 (citation omitted), or (b) he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

*Gibson v. Tex. Dep't of Ins. – Div. of Worker's Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal citation modified).

But "convicted felons are not a constitutionally protected suspect class."

*Hilliard v. Ferguson*, 30 F.3d 649, 652 (5th Cir. 1994).

And, to the extent that Trillo brings a due process or takings claims by alleging that "he has been deprived of liberty" because his property "has been taken for public use without just compensation," Dkt. No. 3 at 4, Trillo's allegations in support of this claim are conclusory and therefore need not be accepted as true, *see, e.g.*, *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

Finally, as to the individual officers, Trillo alleges that they failed to protect him and falsely arrested him, *see* Dkt. No. 3 at 3, but each allegation against an officer defendant is merely "a legal conclusion couched as a factual allegation," which the Court also need not "accept as true" absent further factual support, *Iqbal*, 556 U.S. at 678.

The Court should therefore dismiss Trillo's claims with prejudice.

That said, the time to file objections to this recommendation (further explained below) allows Trillo one final opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so

requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.").

And, if Trillo fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

### Recommendation

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiff David Trillo shows a basis to grant leave to amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

   DATED: April 26, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE